**[J-36-2019]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 767 CAP |
| | : | |
| Appellee | : | Application for Reconsideration |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL GAMBOA TAYLOR, | : | SUBMITTED: March 11, 2019 |
| | : | |
| Appellant | : | |

**DISSENTING STATEMENT**

**JUSTICE WECHT**                                                    **FILED:  May 18, 2020**

The four participating Justices are equally divided on Paul Gamboa Taylor's application for reconsideration.  Accordingly, by default, the application is denied by operation of law, having failed to garner a majority.  *See* Supreme Court Internal Operating Procedures § 4(C)(2) ("A vote of the majority is required to grant reconsideration.").

The denial is inexplicable, given that our decision in *Commonwealth v. Koehler*, 2020 WL 1973876 (Pa. April 24, 2020), dictates reconsideration of our prior decision in *Commonwealth v. Taylor*, 218 A.3d 1275 (Pa. 2019), which affirmed the order of the Court of Common Pleas by operation of law, as the votes among the participating Justices were equally divided.  In *Koehler*, a majority of this Court held that a post-conviction[1] court has the authority to grant a new appeal to this Court if warranted, and that this Court could decide this dispositive issue.  These are the same issues that ended in a deadlock in

---

[1]     *See* Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46.

*Taylor*.  Plainly and unavoidably, *Koehler* establishes that the lower court in *Taylor* was legally incorrect in holding that it lacked the authority to grant a new appeal to this Court if warranted.

The default denial of Taylor's application by virtue of today's deadlock violates precedent and disregards binding law. I dissent.

Justice Donohue joins this dissenting statement.